IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-CV-4102 |
| | ) | |
| vs. | ) | |
| | ) | |
| THIRTY-TWO THOUSAND EIGHT HUNDRED TWENTY DOLLARS AND FIFTY-SIX CENTS ($32,820.56) IN UNITED STATES CURRENCY | ) ) ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| And Concerning | ) | |
| | ) | |
| CAROLE HINDERS and MRS. LADY'S INC. | ) ) | |
| | ) | |
| Claimants. | ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS WITHOUT PREJUDICE**

The United States of America, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, files this brief in support of its motion to dismiss without prejudice. Claimants **object** to the relief sought by the government.

**BACKGROUND**

On May 20, 2013, the Honorable Jon S. Scoles, Chief United States Magistrate Judge for the Northern District of Iowa, issued a seizure warrant authorizing the United States to seize $139,380 in United States currency on

1

deposit at Northwest Bank, account ending in 23264, in the name of Mrs. Lady's/Carole Hinders. The warrant was based on a probable cause finding that the funds were forfeitable to the United States as property involved in a violation of sections 5313, 5316, or 5324 of Title 31, and any property traceable to any such violation.

Pursuant to the seizure warrant, on May 22, 2013, agents of the United States Department of Treasury, Internal Revenue Service seized $32,820.56 (the defendant property) from Mrs. Lady's, Inc. account. Thereafter, on October 24, 2013, the United States filed a Verified Complaint of Forfeiture *in rem* against the defendant property, (DR 1) and the Court issued a warrant of arrest *in rem*. (DR 3).

As reflected in the affidavit in support of the verified complaint, from April 2012 through February 2013, more than $315,000 in currency was deposited into Mrs. Lady's, Inc. bank account in approximately fifty-five separate deposits. No individual currency transaction exceeded $10,000 during that period. A sample of cash transactions between May 2012 and August 2012 showed a pattern of deposits consisting of frequent large deposits in amounts under $10,000 that were near in time to smaller deposits that, taken together, would have triggered bank reporting requirements.

As also reflected in the affidavit in support of the verified complaint, on the day the money was seized from Mrs. Lady's, Inc. account, Ms. Hinders was interviewed by law enforcement agents. During the interview, Ms. Hinders initially denied she broke up cash deposits to stay below $10,000. After being shown a

spreadsheet of her deposits, Ms. Hinders admitted she broke up her deposits so the bank would not fill out paperwork. Ms. Hinders claimed her mother had told her to break up the deposits and keep them below $10,000 as a convenience to the bank.

Following notice, both Mrs. Lady's Inc. and its President, Carole Hinders, filed verified claims to the defendant property. (DR 4-5).

## ARGUMENT

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the United States hereby moves to dismiss, without prejudice, the instant case. Despite two judicial probable cause finding supported by Claimant's clear pattern of manipulating bank deposits below $10,000 in order to evade the reporting requirements of 31 U.S.C. § 5313, plaintiff believes, in the exercise of its prosecutorial discretion, that allocating its limited resources elsewhere would better serve justice in this case. Notwithstanding, the request herein, the request should not be construed as an acknowledgement or admission to any liability or wrongdoing whatsoever.

In a case such as this where the opponent has served an answer Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to request an order dismissing its complaint on terms that the court determines proper. Fed.R.Civ.P. 41(a)(2). A district court has broad discretion to grant a Rule 41(a)(2) motion, which requires that it "consider …whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v.*

3

*Heinkel Filtering Systems, Inc.,* 770 F.3d 724, 728 (8th Cir. 2014) (internal quotes and citations omitted). If opposing the dismissal, the claimant needs to show he or she would suffer plain legal prejudice. *Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1263 (8th Cir. 1993). The Eighth Circuit has defined legal prejudice as "something other than the necessity that defendant might face of defending another action." *Mullen,* 770 F.3d at 728 (citation omitted).

Here, aside from two recent depositions, the parties have undertaken limited discovery. Neither party has filed dispositive motions, and trial is not scheduled for another five months. (*See e.g.* DR 13, granting the parties until January 15, 2015, to file dispositive motions, and DR 11 scheduling trial for May 18, 2015). While the instant case is meritorious and based upon two judicial probable cause findings, plaintiff's dismissal at this stage of the proceedings would conserve judicial resources, including its consideration of dispositive motions and a possible trial on the merits. Consequently, claimants' alleged ownership interests in the defendant property would not be prejudiced in this case.

<mark>4</mark>

## CONCLUSION

For the above reasons, the government asks that this case be dismissed without prejudice.

Respectfully submitted,

KEVIN W. TECHAU
United States Attorney

By: */s/ Matthew J. Cole*

MATTHEW J. COLE
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA  52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
Matt.Cole@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2014 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ Ashley Ness