IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-CV-4102 |
| | ) | |
| vs. | ) | GOVERNMENT'S REPLY TO |
| | ) | CLAIMANTS' OPPOSITION |
| THIRTY-TWO THOUSAND EIGHT | ) | TO MOTION TO DISMISS |
| HUNDRED TWENTY DOLLARS AND | ) | WITHOUT PREJUDICE |
| FIFTY-SIX CENTS ($32,820.56) | ) | |
| IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| And Concerning | ) | |
| | ) | |
| CAROLE HINDERS and | ) | |
| MRS. LADY'S INC., | ) | |
| | ) | |
| Claimants. | ) | |

Pursuant to Federal Rules of Civil Procedure 41 and 7, and Local Rule 7, the United States submits this reply to claimants' opposition to the government's motion to dismiss without prejudice. For the reasons set out in the initial motion, the brief in support of that motion, and this reply, the United States requests the Court grant the motion and dismiss these proceedings without prejudice.

The United States' motion demonstrated that dismissal without prejudice was appropriate because (1) as demonstrated by the Court's probable cause findings and the evidence underlying those findings, a good faith basis exists for the government's suit, (2) dismissal without prejudice would not result in a needless

1

waste of resources because the parties had only undertaken limited discovery at the time of the United States' motion, (3) dismissal without prejudice would not result in any cognizable prejudice to the claimants, and (4) the United States articulated a reasonable and understandable basis for seeking dismissal – electing to utilize its limited litigation resources elsewhere after limited discovery (including deposition of claimants' accountant) did not indicate the cash in the manipulated deposits was from an illegal source. (USB 3).[1] (noting that relevant factors in determining whether to grant a voluntary motion to dismiss without prejudice include "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants") (internal citation omitted).

Claimants agree with the United States' articulation of the standard for determining whether to grant a voluntary motion to dismiss with or without prejudice. They erroneously contend, however, that the Court should dismiss with prejudice for what they refer to as "two straightforward reasons." (CB 4).[2] First, they incorrectly contend the case should be dismissed with prejudice because the money "at issue in this case could not ever again be the subject of civil forfeiture." *Id.* Second, they erroneously assert there is "zero evidence that [claimant] committed the crime of structuring." *Id.* Both reasons fail to show claimants' are entitled to the extreme remedy they seek. See *Marlow v. Winston & Strawn*, 19

---

[1] "USB" refers to the brief submitted in support of the United States' motion to dismiss dated December 13, 2014, docket entry 25-1.

[2] "CB" refers to the claimants' response brief dated December 17, 2014, docket entry 28.

F.3d 300, 305 (7th Cir. 1994) (noting that dismissal with prejudice in response to a voluntary motion to dismiss without prejudice is an "extreme remedy").

Claimants first incorrectly argue the case should be dismissed with prejudice because "it would be futile for the United States to seek civil forfeiture of the same money in the future." (CB 5). Assuming, without conceding, that "futility" is a proper consideration for the court in deciding the government's motion, claimants' futility argument fails for two reasons. First, the IRS policy claimants contend precludes any future forfeiture in this case does not bind the Department of Justice and does not supersede the law as passed by the legislature. Second, although claimants contend a future suit would be untimely because an action to forfeit funds in an account used to structure must be brought within one year of the alleged offense, claimants also note 18 U.S.C. § 984 allows the government to seek a forfeiture of property traceable to the offense and thus, the government is not limited to the one-year fungability rule if it traces the property to the offense. (COB 3). In addition, Title 31 U.S.C. § 5317 allows the government to forfeit any property involved in or traceable to structuring.

Claimants next argue the case should be dismissed with prejudice because there is "zero evidence that Ms. Hinders committed the crime of structuring." (CB 4.) Tellingly, the sole cited evidentiary support for this claim is Ms. Hinders's deposition. (*Id.* 7). So, in other words, claimants argue the case should be dismissed with prejudice based simply on Ms. Hinders denial that she unlawfully structured. Claimants' argument ignores the additional evidence of structuring cited in the complaint and in the United States' brief, including Ms. Hinders

3

initially and falsely denying to law enforcement that she manipulated her deposits to avoid any single deposit of $10,000 or more and only admitting her conduct and desire to avoid bank paperwork after she was confronted with a spreadsheet detailing her deposits. These facts alone are sufficient for a fact finder to determine the funds are subject to forfeiture. *See United States v. Jarrett*, 494 Fed. Appx. 615, 618 (7th Cir. 2012) (unpublished) (intent to evade can be proven with pattern of sub-$10,000 reporting requirements and a statement that depositor tried to avoid "red flags").

Claimants also ignore that, even if the Court were to agree with their position and find dismissal with prejudice appropriate, the Court cannot simply convert the present motion into one for dismissal with prejudice and dismiss the complaint. Rather, the Court must first give the United States the option of withdrawing its motion and instead proceeding with the litigation. *See Jaramillo v. Burkhart,* 59 F.3d 78, 79 (8th Cir. 1995) ("When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, however, the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation.").

Finally, if the Court does not find dismissal with prejudice warranted, claimants urge the Court not to grant the government's motion for dismissal without prejudice but instead to "allow" the case proceed to avoid any number of speculative evils from a second lawsuit. (CB 8-9). Even putting aside the extraordinary and unprecedented nature of the request (asking the Court to require the government to proceed with a suit even after the Court finds dismissal with

prejudice unwarranted), claimants' speculations regarding forum shopping, counsel shopping, and fading memories are unsupported and do not weigh in favor of continuing litigation in the face of the government's motion to dismiss, especially given that the United States moved to dismiss even before the completion of discovery. *Mullen v. Heinkel Filtering Syss., Inc.*, 770 F.3d 724, 729 (8th Cir. 2014) ("The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions.") (internal citation and quotation omitted).

In sum, claimants have failed to demonstrate the United States is not entitled to use its discretion, focus its judicial resources elsewhere, and obtain a dismissal without prejudice.

## CONCLUSION

For the reasons asserted in its motion and in its reply, the government respectfully requests that this case be dismissed without prejudice.

Respectfully submitted,

KEVIN W. TECHAU
United States Attorney

By: */s/ Matthew J. Cole*

MATTHEW J. COLE
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333 / (319) 363-1990 (Fax)
Matt.Cole@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2014 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ Ashley Ness