# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THIRTY-TWO THOUSAND EIGHT HUNDRED TWENTY DOLLARS AND FIFTY-SIX CENTS ($32,820.56) IN UNITED STATES CURRENCY,<br><br>    Defendant,<br><br>and concerning,<br><br>CAROLE HINDERS and MRS. LADY'S INC.,<br><br>    Claimants. | No. C13-4102-LTS<br><br>**ORDER** |

_____

## *I.* *INTRODUCTION*

    This case is before me on a motion (Doc. No. 25) by plaintiff the United States of America (USA) to dismiss without prejudice. Claimants Carole Hinders and Mrs. Lady's Inc. (Claimants) have filed a resistance (Doc. No. 28) in which they contend, among other things, that any dismissal of this action must be *with* prejudice. USA has filed a reply (Doc. No. 29). No party has requested oral argument. The motion is fully submitted and ready for decision.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

USA commenced this civil in rem action on October 24, 2013.  In its complaint (Doc. No. 1), USA states that it is seeking to enforce certain statutory provisions "for the forfeiture of property which represents proceeds traceable to and/or property involved in transactions in violation of Title 31, United States Code, Section 5324."  Doc. No. 1 at 1, ¶ 1.  The complaint then incorporates an attached affidavit which describes the seizure of $32,820.56 from a Northwest Bank account maintained by Claimants (the Account).[1]  Doc. No. 1 at 2, ¶ 4 (referencing Doc. No. 1-2).  The affidavit, executed by Internal Revenue Service (IRS) Task Force Officer Christopher Adkins, states that cash deposits totaling more than $315,000 were made into the Account between April 2012 and mid-February 2013, with no single deposit exceeding $10,000.  Doc. No. 1-2 at 3, ¶¶ 12-13.  The affidavit asserts that the pattern of cash deposits suggests the intentional structuring of transactions "to avoid the preparation and submission of CTRs."[2]  *Id.* at 4-5, ¶ 15.  According to the affidavit, Ms. Hinders admitted during an interview conducted May 22, 2013, that she intentionally broke cash deposits up into increments of less than $10,000 so her bank would not have to "fill out extra paperwork."  *Id.* at 6-7, ¶¶ 24-26.

The complaint states:

The United States alleges that the defendant property represents proceeds from structuring offenses committed by Carole Hinders, doing business as Mrs. Lady's Inc., in violation of Title 31, United States Code, Section 5324, and is, therefore subject to forfeiture to the United States of America

---

[1] The seizure occurred on May 22, 2013, pursuant to a seizure warrant issued on May 20, 2013, in this court's case number 13-mc-57.

[2] According to the affidavit, a CTR is a Currency Transaction Report which, under federal law, must be submitted by a financial institution each time a customer completes a cash transaction in excess of $10,000.  Doc. No. 1-2 at 2, ¶ 7.

pursuant to Title 31, United States Code, Section 5317(c) and Title 18, United States Code, Section 984(a).

Doc. No. 1 at 2, ¶ 5. The complaint concludes by requesting the following relief:

(1) process of warrant in rem issue for the arrest of the defendant property;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to the law; and

(4) the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Doc. No. 1 at 3-4.

Based on the complaint and affidavit, the court issued an order (Doc. No. 3) for warrant of arrest in rem on October 25, 2013. The order specified notice procedures and explained the process through which third-parties could file claims concerning the seized funds. Doc. No. 3 at 2, ¶¶ 2-3. The warrant (Doc. No. 3-1) was issued the same day and directed the United States Department of the Treasury, Internal Revenue Service, Criminal Investigative Division, to maintain custody of the seized funds.

Claimants timely filed their claims (Doc. Nos. 4, 5) on November 13, 2013, and filed answers (Doc. Nos. 6, 7) to the complaint on November 22, 2013. In their answers, Claimants deny that they engaged in any wrongful or illegal actions, raise various defenses and demand a jury trial. Doc. No. 6 at 1-3; Doc. No. 7 at 1-3.

On March 13, 2014, this case referred to me with the consent of all parties for the conduct of all further proceedings and the entry of judgment pursuant to 28 U.S.C. §

636(c). Doc. No. 10 at 3. Trial was then set for May 20, 2015. Doc. Nos. 11, 14. USA filed its motion to dismiss on December 13, 2014.

### III. THE MOTION AND RESISTANCE

In its motion, USA states that it seeks to dismiss this case without prejudice because it "believes, in the exercise of its prosecutorial discretion, that allocating its limited resources elsewhere would better serve justice in this case." Doc. No. 25-1 at 3. USA argues that it is entitled to entry of an order of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *Id.* at 3-4. It contends that it has provided an appropriate explanation for its desire to dismiss and that the requested dismissal will not cause prejudice to Claimants. *Id.* USA states that only limited discovery has occurred and that dismissal will conserve judicial resources. *Id.* at 4.

In their resistance, Claimants argue that dismissal is appropriate only if it is with prejudice. They state that Ms. Hinders was deposed on December 8, 2014, and that her testimony does not support USA's case. Doc. No. 28 at 3-4, 7-8; Doc. No. 28-1 at 1, ¶ 4. Ms. Hinders testified that she did not know about her bank's obligation to report cash transactions exceeding $10,000 to the government but, instead, simply believed that cash deposits over $10,000 caused internal bank paperwork. Doc. No. 28-2 at dep. pp. 49-52. Claimants state, through their counsel, that USA offered to dismiss the case with prejudice after Ms. Hinders was deposed but that the parties were not able to agree on certain conditions Claimants sought to include in a stipulation of dismissal. Doc. No. 28-1 at 2, ¶¶ 6-7. Claimants further note that they agreed to postpone the deposition of the affiant, Agent Adkins, while the parties discussed the terms of a dismissal. *Id.* at 2, ¶ 8.

Claimants raise two arguments in contending that any dismissal must be with prejudice. First, they argue that any attempt to refile this action in the future would be

4

futile in light of current Internal Revenue Service (IRS) policy and the applicable statute of limitations. Second, and in reliance on Ms. Hinders' testimony, they argue USA cannot prove the elements of a structuring claim. Claimants also argue that if they are not entitled to dismissal with prejudice, then the motion to dismiss should be denied so the case can proceed to a conclusion on its merits.

## IV. ANALYSIS

### A. *Applicable Standards*

Federal Rule of Civil Procedure 41(a)(2) states:

**(a) Voluntary Dismissal**

\* \* \*

**(2) By Court Order; Effect**. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). A district court's decision to grant a plaintiff's motion for voluntary dismissal is subject to review only for an abuse of discretion. *Mullen v. Heinkel Filtering Systems, Inc.*, 770 F.3d 724, 727-28 (8th Cir. 2014); *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). The Eighth Circuit Court of Appeals has explained:

A district court abuses its discretion:

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but

> the court, in weighing those factors, commits a clear error of judgment.

*Mullen,* 770 F.3d at 727-28 (quoting *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) (in turn quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). The relevant factors to consider with regard to a motion for voluntary dismissal include "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Thatcher*, 659 F.3d at 1213 (quoting *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). Moreover, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

In *Thatcher*, the court found that the district court abused its discretion in dismissing an action without considering whether the plaintiff sought dismissal for forum shopping purposes. *Id.* at 1214-15. The plaintiff had made it clear that he intended to refile the action in state court as a breach of contract action only, thus eliminating the basis for federal jurisdiction. *Id.* at 1214. Likewise, in *Donner* the court found an abuse of discretion when the district court granted a motion for voluntary dismissal despite the plaintiff's stated intention of refiling the case in state court and adding a defendant to defeat federal diversity jurisdiction. 709 F.3d at 696-97, 699.

**B.  Discussion**

Unlike the situations present in *Thatcher* and *Donner,* there is no indication here that USA seeks dismissal in order to gain some kind of strategic advantage, whether by forum-shopping[3] or otherwise. Indeed, and as Claimants themselves note, USA will be

---

[3] Claimants state USA "may also be forum shopping for another judge." Doc. No. 28 at 9. No evidence or explanation is offered for this assertion. This case was originally assigned to the Honorable Donald E. O'Brien, Senior United States District Judge. As noted above, the

at a serious strategic *disadvantage* if it ever decides to refile this action. Any action for the civil forfeiture of cash must be filed within one year of the alleged offense, unless USA can prove that every dollar can be directly traced to a forfeitable offense. *See* Doc. No. 28 at 6 (citing 18 U.S.C. § 984(b)[4]). The funds at issue in this case were seized in May 2013, well over one year ago. While this action was filed within the one-year limitations period, any hypothetical future action necessarily will be filed beyond that period, thus requiring USA to directly trace the funds to a forfeitable offense. By dismissing this action and refiling, USA would gain nothing while making its claim much more difficult to prove.

Meanwhile, USA has offered a plausible reason for seeking dismissal: the exercise of its prosecutorial discretion to direct its resources elsewhere. Doc. No. 25-1 at 3. Clearly, it would have been better for all involved if USA had come to this conclusion sooner. This obvious truth does not change the fact that USA has provided the requisite "proper explanation for its desire to dismiss." There is no evidence that this reason is false or has otherwise been offered in bad faith. If anything, USA's reason for seeking dismissal is entirely consistent with an IRS policy change that Claimants describe as follows:

> [T]wo months ago, the IRS changed its policy for structuring cases. The agency's new policy prohibits the seizure and forfeiture of money believed to have been derived from a legal source—such as Carole's restaurant business—absent "exceptional circumstances." The government has not disputed that the $32,820.56 seized from Mrs. Lady's bank account

---

parties then consented (Doc. No. 10) to trial and disposition by a United States Magistrate Judge (USMJ). Because I am the only USMJ based in the Western Division of this District, I receive virtually every civil consent case assignment in the Western Division. As such, there was no mystery as to which USMJ would be assigned to this case if the parties decided to consent.

[4] Which states: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." 18 U.S.C. § 984(b).

> represents the lawful earnings from Mrs. Lady's Mexican Food. The only
> issue is whether that money was "structured" when it was deposited in the
> bank (and it was not). This case can only be pursued today because the
> IRS's policy expressly exempts cases pending at the time the new policy
> was issued (October 17, 2014). It is plain, however, that this case would
> not be pursued as a new case in the future under the new policy.

Doc. No. 28 at 6. While the new IRS policy may exempt pending cases, it is hardly surprising that USA might decide to abandon an existing claim that – due to a policy change – it would not bother to file today.

As for the other relevant factors, I must consider whether granting USA's motion will (a) result in a waste of judicial time and effort or (b) cause prejudice to Claimants. With regard to judicial time and effort, little of either has been spent on this case, so far. No hearings have been necessary, trial is several months off and – until now – no substantive motions have been filed. Moreover, it appears that discovery has not been extensive, as only two depositions have taken place and USA filed its motion to dismiss before discovery closed.

As for prejudice to the Claimants, a dismissal with prejudice would be a better outcome for them than a dismissal without prejudice. Even if the risk of refiling is low, as it appears to be here, definite finality has an advantage over likely finality. This does not mean, however, that the Claimants would suffer legally-cognizable prejudice if USA's motion is granted. Legal prejudice means more than a good outcome that could have been even better. Instead, it means the loss of a material advantage the party would enjoy only if the pending action were to continue. *See, e.g., Metropolitan Fed. Bank of Iowa, F.S.B., v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993) (the loss of a "proven, valid statute of limitations defense" is legal prejudice that would bar voluntary dismissal). By contrast, the expense and effort of participating in discovery prior to dismissal does not constitute legal prejudice. *Mullen,* 770 F.3d at 728. Nor, for that matter, does the fact that a defendant "may face suit in another court" or in another case.

*Metropolitan*, 999 F.2d at 1263 (citing *Garfield v. Kansas City S. Ry.*, 907 F.2d 841, 842 (8th Cir. 1990) (per curiam)).

Here, granting USA's motion and dismissing this case without prejudice will cause no legal prejudice to Claimants. At most, they face a potential, but apparently slim, risk that this case might be refiled someday. They have not shown that their factual and/or legal positions would be materially disadvantaged in a new action. If anything, as discussed above, it is USA's position that would be weaker if USA chooses to refile this case.

To summarize, I find that USA has offered a valid reason for seeking dismissal and that there is no indication that USA is engaged in forum shopping or other forms of procedural gamesmanship. I further find that granting USA's motion, and dismissing this action without prejudice, will not result in a waste of judicial time and effort and will not cause prejudice to Claimants. In light of these findings, I conclude USA has the right to voluntarily dismiss this case without prejudice pursuant to Rule 41(a)(2).

Having reached this conclusion, I must reject Claimants' arguments that (a) any dismissal should be *with* prejudice or (b) USA's motion must be denied so this case may to proceed to trial on its merits. Because USA is entitled to the relief it seeks, dismissal with prejudice would be an extreme and unwarranted remedy. Nor can USA be compelled to continue to pursue a case that it has a right to dismiss pursuant to Rule 41(a)(2).

Finally, Claimants indicate that they intend to seek interest, attorney fees and expenses under the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465(b). Without taking any position at this time as to whether such relief is appropriate, I agree that Claimants should be given an opportunity to request a CAFRA award. As such, this court will retain jurisdiction over this action for that purpose.

## V.    CONCLUSION

For the reasons set forth herein, plaintiff's motion (Doc. No. 25) to dismiss without prejudice is **granted**.  This action is hereby **dismissed without prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(2).  Trial, which was scheduled to begin May 20, 2015, is **canceled**.

Jurisdiction is hereby retained for the purpose of considering whether Claimants are entitled to an award of interest, attorney fees and expenses pursuant to CAFRA. Claimants shall file their motion for such relief, along with supporting documentation, on or before **February 11, 2015**.  Plaintiff shall file its response to the motion no later than **twenty-one (21) days** after the motion is served.  Claimants may then file a reply to the response no later than **ten (10) days** after the response is served.

**IT IS SO ORDERED.**

**DATED** this 9th day of January, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE